46 F.3d 1133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Tony HOWELL, Petitioner-Appellant,
v.
George C. WELBORN, Respondent-Appellee.
 No. 93-3906.
 United States Court of Appeals, Seventh Circuit.
 Submitted: Jan. 30, 1995.*
Decided: Feb. 1, 1995.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Tony Howell appeals the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. Petitioner maintains his conviction for murder in Illinois state court is not supported by sufficient evidence. We affirm.
 
 Analysis
 
 2
 A jury in the Circuit Court of Macon County found petitioner guilty of first degree murder in the shooting of Harry Butler.[1] Petitioner received a 25 year sentence for the murder. The conviction was affirmed by the Illinois Appellate Court (See People v. Howell, No. 4-90-0193, slip op. (Fourth District, January 31, 1991). Petitioner does not dispute that he shot Harry Butler at Club 21 in Decatur, Illinois. Petitioner instead argues that the evidence "overwhelmingly" indicates that the shooting could be no more than involuntary manslaughter, given the shooting was accidental or merely "reckless," or was in self-defense.[2]
 
 
 3
 A challenge to the sufficiency of the evidence can only succeed if, after reviewing the evidence in the light most favorable to the prosecutor, this court concludes no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Howard, 30 F.3d 871, 874 (7th Cir. 1994). This court will reverse "only when the record is devoid of any evidence, regardless of how it is weighed, from which a jury could find guilt beyond a reasonable doubt." United States v. Garcia, 35 F.3d 1125, 1128 (7th Cir. 1994) (quoting United States v. Gutierrez, 978 F.2d 1463, 1468-69 (7th Cir. 1992)). Further, the evidence need not be inconsistent with every reasonable hypothesis of innocence in order to sustain the conviction. United States v. Maholias, 985 F.2d 869, 874 (7th Cir. 1993). This court defers to all reasonable inferences drawn by the fact-finder, and will not reweigh evidence or assess witness credibility. United States v. Caudill, 915 F.2d 294, 297 (7th Cir. 1990). See also Biskup v. McCaughtry, 20 F.3d 245, 250 (7th Cir. 1994); United States v. Dortch, 5 F.3d 1056, 1065 (7th Cir. 1993), cert. denied, 114 S.Ct. 1077 (1994). Arguments by a defendant that the evidence supports other equally rational inferences are unavailing, given this court's obligation to view the evidence in the light most favorable to the government. United States v. Vasquez, 909 F.2d 235, 240 (7th Cir. 1990), cert. denied, 501 U.S. 1217 (1991). See also United States v. Martinson, 37 F.3d 353, 356 (7th Cir. 1994).
 
 
 4
 There was evidence introduced at trial that would enable a rational jury to conclude petitioner murdered Harry Butler. Evidence indicated that Butler and the petitioner had considerable personal antagonism (that may have been based on gang affiliations), and that petitioner had stated he was going to shoot Butler to death shortly before the crime. Evidence further indicated that petitioner armed himself and encountered Butler in the club. Testimony indicated that the two spoke and had a heated exchange. Testimony further indicated petitioner then drew his gun to shoot Butler, but petitioner's arm was grabbed by Anthony Gause and the gun discharged, injuring a bystander. Further testimony indicated petitioner then stepped away from Gause to clear his field of fire and shot Butler in the chest at point blank range. Petitioner then left the club, fired the gun in the air, and announced that he said he was going to kill Butler and he did. Petitioner then fled the scene and disposed of the gun. Based on this evidence, a rational jury could find petitioner guilty of murder.
 
 
 5
 There was some conflicting testimony regarding the encounter between petitioner and Butler, notably as to whether Butler struck petitioner and whether Butler was struck by the bullet fired when Gause grabbed petitioner's arm.[3] The petitioner's argument, in essence, is that his witnesses should have been believed and the inferences he believes were appropriate should have been drawn. A good portion of petitioner's argument is based on his own self-serving testimony. Petitioner's story, however, changed many times, at one time claiming he was struck by decedent, another time claiming he was struck by decedent's friends (with brass knuckles), and on another occasion claiming he saw decedent reaching for a gun. None of these stories jibes with the evidence, as the police reports indicated petitioner suffered no facial trauma and no other gun was found at the club. The jury simply believed the state's witnesses.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After the preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). Petitioner-appellant has filed such a statement. Upon consideration of that statement the court has concluded that oral argument would not be helpful, and the appeal is submitted on the briefs and record
 
 
 [1]
 Petitioner was also charged with attempted murder and with unlawful use of a weapon in connection with the same shooting. The attempted murder charge was dropped, and the petitioner pled guilty to the weapons charge
 
 
 [2]
 Petitioner also argues that the district court erred in relying on the Illinois Appellate Court's summary of the facts rather than the trial transcript. This contention fails for several reasons. Petitioner did not raise this argument in any substance until his reply brief. Thus, the argument is waived. See Wilson v. Giesen, 956 F.2d 738, 741 (7th Cir. 1992). Further, even if not waived, the claim would fail on the merits. A state appellate court's findings of fact are entitled to the same presumption of accuracy as findings made by a state trial court. Milone v. Camp, 22 F.3d 693, 697 n.2 (7th Cir. 1994) U.S. App. Pndg. See also Biskup v. McCaughtry, 20 F.3d 245, 249 (7th Cir. 1994). In addition, this court will not revisit a state fact finding absent a showing the state fact finding was infected with error as described in 28 U.S.C. Sec. 2254(d). Id. at 699. Petitioner has made no such showing. Further, petitioner's own description of the evidence, in addition to the extensive transcript excerpts and summaries in the state appellate briefs, indicates the state court's factual findings are fully supported by the record
 
 
 [3]
 The state appellate court noted there was testimony in the record that would support petitioner's self-defense and recklessness theories. (Appellate Opinion at 23.)